**YOUNGSTOWN (City), Plaintiff-Appellee, v. HARPER,
Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4034.   Decided March 19, 1959.

Felix Mika, Director of Law, Joseph L. Heffernan, Asst. Director of Law, Youngstown, for plaintiff-appellee.

John W. Powers, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

By amended ordinance numbered 62500, captioned "Amending Section 14.11 of the Revised Ordinances of the City of Youngstown, Ohio,—1952, and repealing existing Section 14.11 of said Ordinances" plaintiff city amended that section effective February 13, 1952, and prohibited the possession of "pools, lottery, policy, scheme of chance, money, property or thing of value," or any "apparatus, device, sheets, slips, or tickets, or books of any kind designed and used for the purpose of facilitating, enabling or assisting in gambling."

After the effective date of Amended Section 14.11 of the Revised Ordinances of the City of Youngstown defendant was arrested, charged by affidavit with violation thereof, subsequently tried, found guilty and sentenced in the Municipal Court of Youngstown. From that judgment the defendant appealed to the Court of Common Pleas, and that court affirmed the judgment of the trial court.

Plaintiff appealed to this court from the judgment of the court of common pleas contending that "the judgment of the court of common pleas is contrary to law."

The bill of exceptions discloses that prior to introduction of evidence in the trial court the trial judge overruled defendant's demurrer, motion to quash the affidavit and plea in abatement.

Sec. 731.19 R. C., provides "no ordinance, resolution or bylaw shall contain more than one subject, which shall be clearly expressed in its title."

The law and the evidence supports the statement of defendant's counsel by brief that "the statute makes it clear that the title shall contain the 'subject' of the ordinance, which, in this case, is the inhibition concerning certain forms of gambling and apparatus and devices that would facilitate these activities, and the change in penalties from a mere fine to jail sentences beginning with the first offense."

Defendant bases her contention that the judgment of the court of common pleas is contrary to law on the statement of her counsel by brief that: "The caption as written merely demonstrates the vehicle or means by which the amendment is attempted, but gives no information as to the subject. In other words, by reading the caption we do not know that the ordinance relates to gambling and devices, nor that there is a penalty or change in the penalty. We are able to gather this information only from reading the body of the ordinance itself."

We quote from McQuillin on Municipal Corporations, third edition, Volume 5, as follows:—

Section 16.16, page 185:—

"Where the law requires an ordinance to have a title, the title is part of the ordinance, and an ordinance having no title whatever or one having an insufficient is void."

Section 16.18, page 190:—

"A requirement in a charter or statute that an ordinance embrace no more than a single subject clearly expressed in its title, while liberally construed, generally is deemed to be mandatory."

Section 16.21, page 196:—

"Where the title to an original ordinance is sufficient to embrace the provision contained in an amendatory ordinance the title to the amendatory ordinance is also good and no inquiry need be made as to whether the title of the amendatory ordinance is of itself sufficient.

"An ordinance amending sections relating to officers, their salaries and bonds, under the title 'An ordinance to amend sec. ____, ch. ____, of the city ordinance,' is good, as the subjects are naturally connected. However, an amending ordinance, the title of which refers to the ordinance amended but which gives no notice or indication thereby of an important change or provision of law going beyond the scope of the original ordinance, is bad."

The question presented for our consideration and determination is whether Ordinance 62500 is void and of no effect.

Counsel for plaintiff argue that City Council conformed to the provisions of §731.19 R. C.; that Council intended to and did accomplish an amendment of the original ordinance—No. 37387; that the entire ordinance was contained in the amendatory enactment; and that the amendment changed the penalty by providing for imprisonment. The amendment was codified in Revised Ordinances of the City of Youngstown as Section 14.11, which enactment reads:—

### "AN ORDINANCE

"AMENDING SECTION 14.11 OF THE REVISED ORDINANCES OF THE CITY OF YOUNGSTOWN, OHIO,—1952; AND REPEALING EXISTING SECTION 14.11 OF SAID ORDINANCES.

"BE IT ORDAINED BY THE COUNCIL OF THE CITY OF YOUNGS-TOWN, STATE OF OHIO:

## "SECTION 1

"That Section 14.11 of the Revised Ordinances of the City of Youngstown, Ohio—1952, passed in Council on the 13th day February, 1952, and reading as follows:

"Sec. 14.11. LOTTERIES, POLICY SLIPS, ETC.: PENALTY. Any person who shall be found to be a possessor, custodian, or depositary of any pools, lottery, policy, scheme of chance, money, property or thing of value in any manner wagered or bet upon any result or event, or of any apparatus, device, sheets, slips, tickets, or books of any kind designed and used for the purpose of facilitating, enabling or assisting in gambling or buying or selling any such pools, lottery, 'policy' or scheme of chance, or making any such wagers or bets, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than five hundred dollars.

"Each days of being such a possessor, custodian or depositary of any of the aforesaid articles, or of being found guilty of buying or selling the same, or of making any such wagers or bets, shall be construed to constitute a separate offense, and shall be punishable as provided in this section.

"Be and the same is hereby amended to read as follows:

"Sec. 14.11. LOTTERIES, POLICY SLIPS, ETC.: PENALTY. Any person who shall be found to be a possessor, custodian, or depositary of any pools, lottery, 'policy' scheme of chance, money, property or thing of value, in any manner wagered or bet upon any result or event, or of any apparatus, device, sheets, slips, or tickets, or books of any kind designed and used for the purpose of facilitating, enabling or assisting in gambling or buying or selling any such pools, lottery, 'policy' or scheme of chance, or making any such wagers or bets, shall be guilty of a misdemeanor and, upon the first conviction thereof, shall be fined not more than five hundred dollars ($500.00) or imprisoned not more than thirty (30) days, or both; upon the second conviction thereof, shall be fined not more than five hundred dollars ($500.00) and imprisoned not more than sixty (60) days, or both; and upon third conviction thereof, or any subsequent conviction thereof shall be fined not more than five hundred dollars ($500.00) and imprisoned not less than thirty (30) days nor more than six (6) months.

"Each day of being such a possessor, custodian or depositary of any aforesaid articles, or of being found guilty of buying or selling the same, or of making any such wagers or bets, shall be construed to constitute a separate offense, and, shall be punishable as provided in this section.

## "SECTION 2

"That existing Section 14.11 of the Revised Ordinances of the City of Youngstown, Ohio—1952, passed in Council on the 13th day of February, 1952, be and the same is hereby repealed.

## "SECTION 3

"That this Ordinance shall take effect and be in force from and after the earliest period allowed by law.

"Passed in Council this 1st day of May, 1957."

The emphasized portion of Section 1 indicates the changes in the ordinance.

The title or caption of the original ordinance No. 37387 (part of the revised ordinances of the City of Youngstown of 1925) reads:—

"To prohibit the possession of apparatus, devices, sheets, slips, tickets, books and/or any other kind of device designed and used for gambling purposes and to prescribe a penalty therefor."

Under date of February 13, 1952, the City of Youngstown enacted Ordinance 54639 revising "the revised ordinances of 1925," and Section 1.4 of Ordinance 54639 reads:—

"The provisions appearing in this Revision so far as they are the same as those of 'The Revised Ordinances of the City of Youngstown of 1925' and ordinances existing on or before Feb. 13, 1952 shall be considered as continuations thereof and not as new enactments."

Counsel for the city reason that the title or caption of original ordinance number 37387 of the revised ordinances of 1925, as quoted herein above, are a part of the latest amendment of Section 14.11.

By brief plaintiff's counsel state:—

"Evidently, they think that the caption to the amending ordinance (of Section 14.11) passed by Council on May 1, 1957, should read:—

" 'AN ORDINANCE

" 'AMENDING SECTION 14.11 OF THE REVISED ORDINANCES OF THE CITY OF YOUNGSTOWN, OHIO—1952 BY INCREASING THE PENALTY PROVIDED IN THE PENALTY CLAUSE: THE CAPTION OF THE ORIGINAL ORDINANCE PROVIDING AS FOLLOWS:

" 'TO PROHIBIT THE POSSESSION OF APPARATUS, DEVICES, SHEETS, SLIPS, TICKETS, BOOKS, AND/OR ANY OTHER KIND OF DEVICE DESIGNED AND USED FOR GAMBLING PURPOSES AND TO PRESCRIBE A PENALTY THEREFOR AND REPEALING EXISTING SECTION 14.11 OF SAID ORDINANCES.' "

As pertinent Section 1.5 of the Revised Ordinances of the City of Youngstown as passed by Council February 13, 1952, reads:—

"The catchlines of the several sections of this Revision, printed in boldface type are intended as mere catchwords to indicate the contents of the section and shall not be deemed or taken to be titles of such sections nor as any part of the section, nor unless expressly so provided shall they be so deemed when any of such sections, including the catchlines, are amended or re-enacted."

Plaintiff claims that the words "lotteries, policy, slips, etc.: Penalty" heading amended Section 14.11 cannot be considered as a title to such amended section.

In the case of **Pim v. Nicholson, 6 Oh St 176**, the first paragraph of the syllabus reads:—

"The provision in the Constitution, Art. II, Sec. 10, that 'no bill shall contain more than one subject, which shall be clearly expressed in its title,' was incorporated into the Constitution, for the purpose of making it a permanent rule of the Houses, and to operate only upon bills in their progress through the General Assembly. It is directory only, and the supervision of its observance must be left to the General Assembly * * *."

At page 179 the court said:—

"* * * The subject of the bill is required to be clearly expressed in the title, for the purpose of advising members of its subject, when voting in cases in which the reading has been dispensed with by a two-thirds vote. The provision that a bill shall contain but one subject, was to prevent combinations, by which various and distinct matters of legislation should gain a support which they could not if presented separately. As a rule of proceeding in the General Assembly, it is manifestly an important one. But if it was intended to effect any practical object for the benefit of the people in the examination, construction, or operation of acts passed and published, we are unable to perceive it. * * *."

The rule that a bill must contain one subject was "to prevent combinations" or what is called "log-rolling." Plaintiff claims "it is obvious that the amended ordinance now before this court contains but one subject, so that there is no question of such combinations."

In the case of **Heffner v. City of Toledo, 75 Oh St 413**, the first and second paragraphs of the syllabus read:—

"The statutory requirement that 'no by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title,' was intended to prevent the uniting in one ordinance of diverse subjects or measures and effecting its passage by uniting in its support all those in favor of any, and to prevent the adoption of ordinances by the votes of councilmen ignorant of their contents.

"Whether an ordinance is violative of the statutory requirement that 'No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title,' is to be determined not by its form, but in the light of the mischief the statute was intended to prevent."

In the case of **State, ex rel. Durr, Auditor v. Spiegel et al, 91 Oh St 13**, the first and second paragraphs of the syllabus read:—

"Where an amendatory act contains the entire section or sections as amended and repeals the original section or sections in compliance with **Section 16, Article II, Ohio Constitution,** the amended sections are to be given the meaning they would have had if they had read from the beginning as they do as amended, except where such construction would be inconsistent with the manifest intent of the legislature.

"An act amending one or more sections of a statute should be considered in connection with the whole statute of which it has become a part, the object intended to be accomplished by the law, the imperfections to be removed and the changes to be made by the amendment."

At page 21 the court said:—

"Judge Cooley in rendering the opinion remarks: 'It is further urged that, as a rule of construction, a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does as amended. * * *'"

In the case of **In re Harry Allen, 91 Oh St 315**, a case similar to the one we review, the supreme court in the first paragraph of the syllabus said:—

"Where there is reenacted in an amendatory act provisions of the original statute in the same or substantially the same language and the original statute is repealed in compliance with **Section 16, Article II, Ohio Constitution,** such provisions will not be considered as repealed and again reenacted, but will be regarded as having been continuous and undisturbed by the amendatory act."

The case of **State, ex rel. The Merydith Construction Co. v. Dean, Auditor, 95 Oh St 108,** is so nearly identical with the case we review that we can not refrain from quoting from page 120 as follows:—

"Contention is made by respondent that the ordinance of June 13, 1916, amending Section 3 of the ordinance of March 3, 1916, is invalid in that it offends against the requirements of §4226 **GC.** This section of the General Code provides that 'no by-law or ordinance, or section thereof, shall be revived or amended, unless the new by-law or ordinance contains the entire by-law or ordinance, or section revived or amended, and the by-law or ordinance, section or sections so amended shall be repealed.'

"The ordinance of June 13, 1916, it is quite true, did not contain all of the ordinance of March 3, 1916, which it sought to amend, but since the purpose of the amendment was simply to amend Section 3 of the original ordinance, and since the amending ordinance did contain the entire section sought to be amended, it is obvious that in this respect the statutory requirement was strictly followed. To require an amending ordinance, the purpose of which is to amend but one of a series of sections contained in the original law, to embrace the whole of the ordinance sought to be amended, would be wholly beside the purpose inducing the passage of §4226 GC; and, furthermore, full authority is given by this section to amend a section of an ordinance by embracing within the amending ordinance the section only that is being changed."

Notwithstanding the impressive array of cases of other jurisdictions in view of equal impressive Ohio authority we are compelled to agree with the conclusion reached by the Judge of the Municipal Court on demurrer that:—

"Any interpretation of this caption could lead to but one conclusion namely that existing Section 14.11 of revised ordinances was being amended and that existing section 14.11 was repealed.

"Any question raised about the provisions of the section sought to be amended and the one to be repealed is fully answered by reciting in the ordinance itself the full provisions of both."

In our opinion the statutory provision requiring clear expression of the subject in the title is directory only and relates to knowledge of the ordinance by members of council rather than the general public.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.