**CITY OF JACKSON, Appellee,**

v.

**STACEY, Appellant.**

[Cite as *Jackson v. Stacey* (1994), 96 Ohio App.3d 169.]

Court of Appeals of Ohio,
Jackson County.

No. 717.

Decided July 5, 1994.

*John L. Detty,* Acting Law Director, for appellee.

*William C. Martin,* for appellant Mark W. Stacey.

GREY, Judge.

This is an appeal from the Jackson Municipal Court. Stacey was convicted of violating Jackson Municipal Code 335.07, driving while under suspension. At trial, he unsuccessfully challenged the charging ordinance. We reverse.

On March 8, 1993, Officer Jordan of the Jackson Police Department stopped Stacey's vehicle for a headlight infraction. When asked for his driver's license, Stacey said he didn't have it with him and produced his Social Security Card. Jordan radioed the number to the dispatcher and a computer check revealed that Stacey was under court suspension for a prior DUI. A citation was issued for violating Jackson Municipal Code 335.07, driving while under court suspension.

At trial, Stacey moved that the charge be dismissed because the city of Jackson had not properly adopted Section 335.07. He asserted that since the enacting ordinance was improperly adopted, it was invalid and inoperative, and he could not be found guilty of violating it. The motion was denied and, after a trial to jury, Stacey was found guilty. He filed a timely notice of appeal and assigns the following error.

## ASSIGNMENT OF ERROR

"Because Ordinance No. 10–91 of the City of Jackson was not validly adopted, this prosecution cannot succeed under the 1991 Replacement pages to Jackson Codified Ordinances Section 335.07, so that the trial court erred when it denied the Defendant's motion to dismiss this case."

Ohio is a municipal home rule state where cities can adopt their own laws to meet local circumstances, but city ordinances are often similar to, or identical with, state statutes. In *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel* (1993), 67 Ohio St.3d 579, 582, 621 N.E.2d 696, 698–699, the Supreme Court described the home rule doctrine:

"Municipalities, pursuant to the powers granted by Section 3, Article XVIII of the Ohio Constitution (the so-called Home Rule Amendment), 'have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.' Before 1912, the time of the adoption of the Home Rule Amendment, municipalities could exercise only those powers delegated by statute. The adoption of Section 3, Article XVIII of the Constitution worked a fundamental change upon the powers of municipalities. See *Perrysburg v. Ridgway* (1923), 108 Ohio St. 245, 255, 140 N.E. 595, 598. In *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph one of the syllabus, the court held: 'Municipalities in Ohio are authorized to adopt local police, sanitary and

other similar regulations by virtue of Section 3, Article XVIII, of the Ohio Constitution, and derive no authority from, and are subject to no limitations of, the General Assembly, except that such ordinances shall not be in conflict with general laws.' "

When the legislature amends a state statute, the cities often amend the local ordinances, sometimes to avoid a conflict and sometime merely in the interest of uniformity. The legislature made significant changes in the statutes relating to motor vehicles in 1991, including driving under suspension. That same year, Ordinance 10–91 was adopted by the City Council of Jackson and reads, in part, as follows:

"WHEREAS, certain provisions within the Codified Ordinances should be amended to conform with current State law as required by the Ohio Constitution * * *[.]

*"Section One.* That the ordinances of the City of Jackson, Ohio, of a general and permanent nature, as revised, recodified, rearranged and consolidated into component codes, titles, chapters and sections within the 1991 Replacement Pages to the Codified Ordinances are hereby approved and adopted.

*"Section Two.* That the following sections and chapters are hereby added, amended or repealed as respectively indicated in order to comply with current State law: * * * "

Thereafter, the ordinance lists about fifty municipal code sections followed by a description in parentheses of what was intended to be done to each section. For example, the following sections appear thus:

"301.27  Public Safety Vehicle Defined (Amended)

"313.99  Penalty (Added)

"335.06  Display of License (Amended)"

The section relative to this action reads as follows:

"335.07  Driving Under Suspension, Revocation or Restriction (Amended)."

The city of Jackson says it has complied with the requirements of R.C. 731.19 and R.C. 731.23. It argues that by enactment under Ordinance 10–91, Section 335.07 has been properly amended. Stacey argues that R.C. 731.19, R.C. 731.23, and R.C. 731.231 are controlling and the ordinance is invalid.

■ We do not find R.C. 731.231 is relevant here. R.C. 731.231 covers the adoption of technical ordinances and codes by incorporation by reference and states:

"The legislative authority of a municipality may adopt standard ordinances and codes, prepared and promulgated by the state, or any department, board, or

other agency thereof or any code prepared and promulgated by a public or private organization which publishes a model or standard code, including but not limited to codes and regulations pertaining to fire, fire hazards, fire prevention, plumbing code, electrical code, building code, refrigeration machinery code, piping code, boiler code, heating code, or air conditioning code, by incorporation by reference.

"The publication required by sections 731.21 to 731.25, inclusive, of the Revised Code, shall clearly identify such code, shall state the purpose of the code, shall state that a complete copy of such code is on file with the clerk of the legislative authority for inspection by the public and also on file in the law library of the county or counties in which the municipality is located and that said clerk has copies available for distribution to the public at cost. If the adopting municipality amends or deletes any provisions of such code, the publication shall contain a brief summary of such deletion or amendment.

"If the agency which originally promulgated or published the code thereafter amends said code, any municipality which has adopted a code by the provisions of this section may adopt such amendment or change by incorporation by reference in an amending ordinance by the same procedure as required for the adoption of the original code without the necessity of setting forth in full in the amending ordinance the provisions of the original ordinance or code.

"Ordinances or codes adopted by a municipality under the provisions of this section shall be deemed to be a full and complete compliance with sections 731.21 to 731.25, inclusive, of the Revised Code, and no other publication is necessary."

R.C. 731.231 pertains to technical ordinances. Technical terms mean "belonging or peculiar to an art or profession." Black's Law Dictionary (5 Ed.Rev.1979) 1312. The examples set forth in R.C. 731.231, *i.e.*, fire, fire hazards, fire prevention, plumbing code, electrical code, building code, refrigeration machinery code, piping code, boiler code, heating code, or air conditioning code, lead us to believe R.C. 731.231 pertains to specialized applications requiring knowledge not in the ken of the average layman. As such, we find R.C. 731.231 to be inapplicable.

Nor is R.C. 731.23, which covers publication and certification of ordinances in book form, particularly relevant. It states:

"When ordinances are revised, codified, rearranged, published in book form, and certified as correct by the clerk of the legislative authority of a municipal corporation and the mayor, such publication shall be a sufficient publication, and the ordinances so published, under appropriate titles, chapters, and sections, shall be held the same in law as though they had been published in a newspaper. A new ordinance so published in book form, which has not been published as

required by sections 731.21 and 731.22 of the Revised Code, and which contains entirely new matter, shall be published as required by such sections. If such revision or codification is made by a municipal corporation and contains new matter, it shall be a sufficient publication of such codification, including the new matter, to publish, in the manner required by such sections, a notice of the enactment of such codifying ordinance, containing the title of the ordinance and a summary of the new matters covered by it. Such revision and codification may be made under appropriate titles, chapters, and sections and in one ordinance containing one or more subjects.

"Except as provided by this section, all ordinances, including emergency ordinances, shall be published in accordance with section 731.21 of the Revised Code."

Publication refers to the act of providing notice to the public or rendering something accessible to public scrutiny. As such, R.C. 731.23 is not controlling here.

R.C. 731.19, which covers the amendments of municipal bylaws, ordinances and resolutions is relevant and states:

"No ordinance, resolution, or bylaw shall contain more than one subject, which shall be clearly expressed in its title. No bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaw, ordinance, or section revived or amended, and the bylaw, ordinance, or section so amended shall be repealed. Each such bylaw, resolution, and ordinance shall be adopted or passed by a separate vote of the legislative authority of a municipal corporation and the yeas and nays shall be entered upon the journal."

The first sentence of R.C. 731.19, the one-subject rule, has been held to be directory only, *Brady v. Carlson* (1983), 9 Ohio App.3d 24, 9 OBR 26, 457 N.E.2d 1182, although this seems to be more the result of the difficulty for the courts to decide what is one subject. See *Korn v. Dunahue* (1967), 13 Ohio App.2d 46, 42 O.O.2d 112, 233 N.E.2d 600. The second sentence is not open to construction or interpretation. The statute says the amending ordinance must contain the entire bylaw, ordinance or section to be amended.

It appears from the record that the city of Jackson wished to amend the previous section of 335.07 to comply with the changes the legislature had made in the Ohio Revised Code. R.C. 731.19 requires that a city can amend an ordinance only if the amending ordinance contains all of the new language and the old ordinance is repealed.

The record shows the city of Jackson wanted Section 335.07 to be in conformity with R.C. 4511.192, but it did not comply with the requirements of R.C. 731.19 and, therefore, the attempt must fail. The record also shows Stacey was charged under Jackson Municipal Code 335.07, which was not properly adopted and is therefore invalid and of no force or effect.

Stacey's assignment of error is well taken and is sustained. The judgment of the trial court is reversed, and defendant is ordered discharged.

*Judgment reversed.*

PETER B. ABELE, J., concurs.

STEPHENSON, J., concurs in judgment only.