586

**BELL, Plaintiff-Appellee, v. VARDALIDES, et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County

No. 1770.   Decided May 15, 1944.

Webb R. Clark, Dayton, Mason Douglass, Dayton, Attorneys for Plaintiff-Appellee.

Walter L. Connors, Dayton; Harry B. Solimano, Dayton, Attorneys for Defendants-Appellants.

## OPINION

By GEIGER, J:

This matter is now before the court upon an application for a rehearing on the issues hereinbefore passed upon. The decision in this case was rendered on February 22, 1944. The application bears no other date than the date upon which a copy of the application was received by opposite counsel, which is given as the 15th day of March, 1944. Rule XI of the Court of Appeals provides:

"* * * Applications for a rehearing must be made to the Presiding Judge within ten days after the decision is announced."

Taking the only dates available, to-wit: the date of the decision and the date of the receipt of the copy by counsel for appellants, it appears that about twenty-four days elapsed between the date of the opinion and the date of the application for a rehearing, so that counsel is without right to be reheard.

While we do not concede any right of counsel to be heard because of his failure to file his application within rule, the Court may of its own motion, pass upon the questions presented if it appears that the issues raised are of enough interest to justify a rehearing, even though the application is not filed within rule.

Counsel for plaintiff-appellee has been diligent in preparing a brief and has cited many reasons why, in his judgment, a rehearing should be granted and the court will give the matter consideration.

In the application filed, he has set forth twelve different grounds, the majority of which are devoted to the question as to whether the Statute of Frauds is properly invoked in defense of the petition of the plaintiff-appellee. The other grounds may briefly be summarized that the claim of the plaintiff is based upon a trust terminable by the parties upon conditions subsequent, which conditions were fulfilled by Bell; that Bell acted in reliance on the express trust created, to his

injury; that Mrs. Vardalides sustained no actual disadvantage by the operation of the trust and no financial loss; that the record discloses that no actual fraud was committed by Bell against his judgment creditor, and that, therefore, the question of his fraudulent conduct is not in any degree determinative of the issues; that Bell, by virtue of the agreement, expended $411.92 in improvements with the authority and approval of the defendants-appellants, and without recourse for remuneration therefor; that the defendants-appellants have secured unconscionable advantage by virtue of the payment by Bell, for the improvements, and the credit upon the judgment which defendants owed Bell of the money advanced by Nick in securing the conveyance.

The court, in its original opinion, stated that it has been unable to discover any case more nearly meeting the issues developed by the testimony in the instant case than that of **Watson v Erb, 33 Oh St 35.** Since the application for rehearing has been filed by the plaintiff-appellee, the Court has carefully studied and re-read several times the case of Watson v Erb, and without further discussing this case, is still of the opinion that this case, together with the cases cited and commented upon by the court involve the principals of the pending case as nearly as may be anticipated. In addition to the case above cited, we have studied other cases outside of the State of Ohio. We will not endeavor to examine them in detail as they are all rather lengthy and somewhat involved as to the facts.

Burden v Sheridan, 36 Iowa, 125, holds that

A resulting trust cannot be sustained by parol evidence, where no part of the purchase money was paid by the person claiming to be the **cestui que trust.**

The fraud against which a court of equity will relieve by enforcing a contract, notwithstanding the statute of frauds, consists in the repudiation of an agreement upon the faith of which an innocent party has been misled to his injury, and not in the mere moral wrong involved in the repudiation of a contract which by reason of the statute of frauds cannot be enforced.

This well considered and interesting case presents many different conditions closely resembling the case at bar.

We also cite Engine Co. v Schumacher, Adm., 109 Mass. 416 and especially pages 422 and 423, and Perry v McHenry 13 Ill. 227, wherein it is held that

A resulting trust can only arise in favor of a person who claims to have furnished the consideration money, when such consideration or some aliquot part thereof, was furnished as a part of the original transaction, at the time the purchase was made.

A party claiming the benefit of a resulting trust, must have occupied a position originally, which would have entitled him to be substituted in place of the person to whom the conveyance was made.

This is also an interesting case and on page 238 we find the following:

"There is no point of view in which the complainant is entitled to the relief he seeks. He cannot claim to have a resulting trust in the land, because he paid no part of the purchase money to the Irwins; he cannot claim to have the parol agreement enforced, because, admitting it to have existed, it is void by the statute of frauds and perjuries. The defendant cannot be treated as his trustee, because it does not appear that he used any artifice or misrepresentation in order to procure the title to himself."

Counsel for plaintiff-appellee has cited numerous cases wherein it is announced that the trust must be established by clear and convincing evidence. The case at bar differs from the cited cases in that the plaintiff-appellee claims that he advanced $200.00 in cash at the time the title was acquired by the defendant-appellant. It must be remembered that both defendants deny, not only in their answer but in their testimony that Bell ever furnished the $200.00.

It further appears that the contract was based upon the condition that Bell repay to Vardalides whatever sum he may have advanced. Instead of repaying him the money so advanced, which is at least $400.00 or as claimed by the defendants, $800.00, Bell made no repayments, but simply gave credit to Vardalides by crediting the amount upon a judgment of $1900.00 which he had secured against Vardalides. Counsel for plaintiff-appellee justifies this by the claim that the

amount contributed by him for the purchase of the property need not be in money, but may be in something of value.

In Watson v Erb, the Court, after discussing the issues involved in that case, state on page 52:

"Assuming that we are in error in this, still the judgment must be affirmed for the reason that no adequate indemnity was offered the defendant against his notes and mortgage."

We think this applies to the facts involved here. Counsel for plaintiff-appellee has frequently asserted that Vardalides was "unjustly enriched". This is an interesting proposition, and if true, would have considerable weight in our consideration of this case. We have, however, been unable to detect that Vardalides was shown, by clear and convincing evidence, to have been "unjustly enriched". As a friendly act to and at the solicitation of Bell, he incurred considerable obligation not only in assuming the payment of the building and loan mortgage, but in advancing a considerable sum of money which Bell needed in order to carry out his plan of securing a cancellation of a deficiency judgment for $7,888.29, which he accomplished by the payment of $50.00 on the representation that he had no property and no interest in the property in question.

Counsel for plaintiff-appellee asserts that Bell continued to occupy the premises and paid the accruing interest to the Building and Loan Association, which amounted to about $30.00 per month. There is no evidence that Bell paid an adequate amount, considering the fact that he continued to occupy the premises. There is a statement in the brief that he paid the rent to the Building and Loan Association, but this is not borne out by any credible evidence. Even though this claimed fact be proved, the payments were not made at the time of the transfer and did not constitute a contribution by Bell to the money required at the time of the transfer of the title. Counsel for plaintiff-appellee asserts that he paid $411.92 for improvements to the real estate during his occupancy. Assuming the statements as to these payments are true, it would at once appear that if they were made subsequently to the transfer of the title, under the rules heretofore quoted, it would not be considered as establishing an equitable interest in this property. Perry v McHenry, supra.

In the schedule of claimed payments, there are a number of items which could not be credited as a part payment of the purchase price. For instance, there are items for erecting awnings and for redecorating rooms. Whatever right Bell may have to recovery from Vardalides for these items, that right does not establish a trust. The claim as to a resulting trust is based upon three different alleged contributions by Bell through which he claimed Vardalides was "unjustly enriched":

First: The payment of $200.00 in cash, which is denied and not established by clear and convincing evidence.

Second: That the payment of the Building and Loan Association dues during the time he occupied the property.

Third: For money expended in repairs.

The second and third claimed contributions cannot be the basis of a resulting trust, because neither are shown to have been made at the time of the transfer of the title. The net result is that Bell entered into a verbal contract with Vardalides to furnish him the means and opportunity of re-acquiring his property by the payment of $200.00, which payment is denied by Vardalides, and the other two claimed payments not being contributed at the time of the transfer of the title and therefore, not the basis of a resulting trust.

Much more may be said in reference to our views upon the facts incident to this case, but we arrive at the final conclusion that the plaintiff-appellee failed to establish a resulting trust. Whatever right he has, rests upon the violation of an oral contract, in relation to real estate. If he has any right to recover from Vardalides the money he claims to have expended, he can bring an appropriate action for recovery thereof.

It must not be lost sight of that the title now sought to be recovered has always rested in Xenia Vardalides and not in Nick Vardalides. Whatever extent plaintiff-appellee has failed to establish his claim against Nick upon which he can claim a resulting trust, he has to a greater extent failed to establish a resulting trust against Xenia Vardalides.

Application by plaintiff-appellee for rehearing denied.

BARNES, PJ., concurs in denial of application.
HORNBECK, J., dissents.