CAYTEN, Appellee,

v.

CAYTEN; Truth Tabernacle, Inc., Appellant.

[Cite as *Cayten v. Cayten* (1995), 103 Ohio App.3d 354.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5102.

Decided May 1, 1995.

*Shaker & Shaker* and *Robert I. Shaker,* for appellee.

*Robert R. Melnick,* for appellant.

---

CHRISTLEY, Presiding Judge.

This is an appeal from a final judgment issued by the Trumbull County Court of Common Pleas, Division of Domestic Relations. In this judgment, the court dismissed the third-party complaint filed by appellant, Truth Tabernacle, Inc., on the basis that it failed to establish its existence as a corporation, and, further, the trial court held that the real estate at issue was the marital property of appellee, Brenda K. Cayten, and her former husband, Vernon L. Cayten.

In August 1992, appellee filed her complaint for divorce against Vernon. As the case proceeded, an issue arose over the ownership of five contiguous parcels of real estate located in Niles, Ohio ("the Niles property") as well as 1.09 acres of vacant land located in Weathersfield Township. Specifically, appellee claimed that the two properties were marital property.

However, appellant moved to intervene in the case on May 4, 1993, claiming an interest in these properties. Appellant attached a "proposed cross-claim" to its motion to intervene, in which it alleged that it is an Ohio corporation, not-for-profit, and vested with an equitable and/or beneficial interest in the properties. Appellant demanded a finding that the properties, titled in the name of appellee and Vernon L. Cayten, be adjudged to be held in trust for appellant's benefit and not a part of the marital assets of the marriage.

Appellee filed an answer to appellant's "proposed cross-claim" on May 12, 1993. As part of her answer, appellee denied paragraphs one, three, four and five of appellant's cross-claim, admitting only that the Niles property was acquired by an instrument in the names of appellee and Vernon L. Cayten as alleged in paragraph two of the cross-claim. Paragraph one of appellant's cross-claim, which alleged that appellant is an Ohio corporation, not for profit, was one of the paragraphs denied by appellee's answer to the cross-claim.

On May 20, 1993, the domestic relations court granted appellant's motion to intervene, and on June 3, 1993, appellant filed an "answer and cross-claim" which was substantially identical to the "proposed cross-claim" attached to its May 4, 1993 motion to intervene.

On August 3 and 4, 1993, a hearing was held on appellant's cross-claim.

At the hearing, evidence was introduced showing that title to the properties was held in the names of Vernon L. Cayten and appellee. Vernon L. Cayten, in addition to having regular employment, was the minister at appellant church. In

1981, the five parcels comprising the Niles property were purchased from Vernon's father and titled in Vernon's and appellee's name. The purchase was financed by a bank mortgage, and appellee and Vernon made payments on this mortgage.

Appellant presented testimony that these payments were generated from rental payments paid by church members residing in the residence located on the property. Further, appellant's witnesses testified that it was the intent of the parties that the property would be used as a church, and an abutting structure was improved for this purpose. Appellant's witnesses testified that all expenses and payments related to this property were generated by church members, and that title was placed in Vernon's and appellee's names solely for credit purposes.

The Weathersfield Township acreage was purchased with the intent of one day constructing a new church on the property. Appellant presented testimony that this property was paid for by church members, again, the deed being in Vernon's and appellee's names solely for credit purposes.

Appellee testified that the mortgage payments on the Niles property were paid from the personal account of appellee and Vernon, that Vernon was given money from church members which he spent on himself and his family, and that this money, as well as his paycheck, was commingled in the couple's checking account and used to pay the mortgage.

Evidence was also introduced showing that in 1991, Vernon and appellee claimed the rental income from the Niles property on their personal tax returns and claimed a loss as against Vernon's other employment income. Appellant never listed the rental income from the Niles property for tax purposes.

At the close of the hearing, the court noted that appellant had failed to offer any evidence to show that it is, in fact, a corporation, despite appellee's denial of appellant's corporate status in her answer to paragraph one of appellant's cross-claim.

On September 7, 1993, the trial court filed an "opinion" denying appellant's cross-claim, finding no evidence of appellant's existence or status as an Ohio corporation and, therefore, concluding that appellant lacked capacity to sue in its name. The court further found that the properties in question were those of the parties to the divorce. It further directed counsel for Brenda K. Cayten to prepare a judgment entry.

On October 7, 1993, appellant filed a motion for a stay, as well as a motion for reconsideration and/or vacation of the court's opinion. Appellant attached to these motions its nonprofit corporate certificate as well as its articles of incorporation.

On October 13, 1993, appellee filed a request for findings of fact and conclusions of law. On November 15, 1993, the trial court granted appellant's motion for a stay of execution pending appeal to this court. On November 16, 1993, the trial court filed a judgment entry dismissing appellant's cross-claim because it was brought without capacity to sue.

On July 1, 1994, this court dismissed appellant's prior appeal as premature on the basis that the trial court had yet to file its findings of fact/conclusions of law, which this court had ordered to be completed by May 18, 1994. The findings of fact/conclusions of law were filed on June 9, 1994; however they had apparently not been entered at the clerk's office at the time that we issued our July 1, 1994 dismissal entry. This appeal followed.

Appellant advances the following assignments of error:

"1. The trial court erred to the prejudice of appellant in ruling that the acreage in Weathersfield Township was a marital asset of [the] Cayten[s] since the property was purchased with funds from the membership of Truth Tabernacle, Inc. whose intention was to construct a new church building with appellant holding an equitable interest while [Vernon] Cayten held legal title to the property under a resulting trust arrangement.

"2. The trial court erred to the prejudice of appellant in ruling that the property at 983 W. Third St. was a marital asset when the evidence indicated that it was sold to the Caytens for the purpose of setting up a church and that the funds used to pay the mortgage and improvements on the property derived from the congregation of Truth Tabernacle, Inc., intending a resulting trust for the benefit of appellant.

"3. The trial court erred to the prejudice of appellant in holding that Truth Tabernacle, Inc. did not have capacity to sue where there was evidence of its corporate status submitted at the hearing [where] further evidence of its being a corporate entity [was] appended to appellant's motions for reconsideration/vacation and stay filed in the trial court [including certificate of corporate charter and articles of incorporation] and made part of the appellate record per Civil Rule 10[C] and App.Rule 9[A] and where appellee did not specifically aver a denial of capacity to sue.

"4. The trial court erred to the prejudice of appellant in ruling that Truth Tabernacle, Inc. did not establish its existence as a nonprofit corporation, since appellee filed an answer of denial before the defendant-intervenor filed a cross-claim and that said answer filed out of order is an admission of the allegations set forth in the cross-claim."

Under its first assignment of error, appellant maintains that the evidence introduced at the hearing supports the conclusion that the purchase of the

Weathersfield Township property created a purchase-money resulting trust for the benefit of appellant. As such, appellant essentially contends that the trial court's finding on this issue was against the manifest weight of the evidence. We agree.

■ A purchase-money resulting trust arises when property is acquired under circumstances indicating that the beneficial interest is not intended to be enjoyed by the holder of the legal estate. *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 515–516, 60 O.O. 481, 482, 138 N.E.2d 15, 17. Central to this inquiry are the issues of who paid for the purchase, and who was intended to beneficially enjoy the property. See *Glick v. Dolin* (1992), 80 Ohio App.3d 592, 597, 609 N.E.2d 1338, 1341–1342.

All of the evidence introduced as to the Weathersfield Township property indicates that it was paid for by monies generated by church members. No evidence suggested that appellee or Vernon expended personal funds for this purchase. Further, even appellee admits that this property was purchased in order to one day construct a church at the location.

■ A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. *State ex rel. Celebrezze v. Environmental Ent., Inc.* (1990), 53 Ohio St.3d 147, 153, 559 N.E.2d 1335, 1342 (Resnick, J., concurring and dissenting in part). Here, however, there was no competent, credible evidence supporting the trial court's finding that appellant did not have beneficial ownership of the Weathersfield Township property through a purchase-money resulting trust. Rather, the only competent, credible evidence introduced at trial supported a finding that appellant was the intended beneficiary of the Weathersfield Township property by means of a purchase-money resulting trust.

Accordingly, appellant's first assignment of error is with merit.

■ Under its second assignment of error, appellant similarly challenges the trial court's ruling as to the Niles property. However, unlike the Weathersfield Township property, the evidence indicates that this property was purchased with funds from the personal checking account of appellee and Vernon L. Cayten, that rental payments were deposited in their account, and that, thereafter, the couple would submit payments on the mortgage. Further, the couple claimed a loss on the property on their personal income tax returns, yet appellant never listed the property or its income for tax purposes. There was competent, credible evidence, therefore, that the legal and beneficial interest in the property remained at all times with appellee and Vernon L. Cayten. As there was competent, credible evidence supporting the trial court's judgment in relation to the Niles property, appellant's second assignment of error is without merit.

Appellant's third and fourth assignments of error are interrelated, and we will consider them together.

Under the third assignment of error, appellant maintains that the trial court erred in finding that appellant failed to prove its corporate status and thus failed to prove its capacity to sue. Under its fourth assignment of error, appellant maintains that this issue was not properly before the court because appellee filed her answer *before* appellant filed its cross-claim. Second, appellant maintains that appellee failed to specifically deny in her answer the allegation that appellant is an Ohio corporation, not for profit.

As stated, appellee's answer was filed in response to the cross-claim attached to appellant's motion to intervene. Appellant subsequently filed a cross-claim substantially similar to the one attached to its motion to intervene. Appellee's answer denied the allegations in paragraph one of appellant's cross-claim. In both cross-claims appearing in the record, paragraph one alleged that appellant is an Ohio corporation, not for profit.

■  If appellant truly believed that appellee had failed to file an answer to its cross-claim, it would have moved for default judgment. Instead, appellant appeared at the hearing scheduled on its claim and presented evidence and testimony in support. Clearly, appellant recognized the existence of appellee's answer and presented no argument at the hearing as to the timeliness of the answer. We conclude that appellant waived this argument.

■  Two of appellant's witnesses testified at trial that appellant is a corporation and that it was incorporated in 1982. Appellee presented no evidence or argument to the contrary. If appellant had been required to prove its corporate existence in order to maintain its cross-claim, the testimony presented at the hearing arguably demonstrated as much. Nevertheless, we acknowledge that without documentary evidence of incorporation, the issue was one of credibility and the judge was free to disbelieve such testimony.

■  However, for the following reasons, we conclude that appellee failed to properly place at issue appellant's corporate status, and thus its capacity to sue.

Civ.R. 9(A) provides:

"Capacity. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, *he shall do so by specific negative averment,*

which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis added.)

Appellee's answer failed to raise by "specific negative averment" appellant's lack of capacity to bring suit in Ohio, neither did appellee raise this issue by any amended answer. As such, this defense was waived. *Dot Systems, Inc. v. Adams Robinson Ent., Inc.* (1990), 67 Ohio App.3d 475, 482, 587 N.E.2d 844, 848–849.

In light of the above, we conclude that the trial court erred in dismissing appellant's cross-claim on the basis that it had failed to establish its existence or status as an Ohio corporation with the capacity to sue, this defense having been waived by appellee's failure to raise the issue by specific negative averment.

Appellant's third and fourth assignments of error are well taken.

This being the case, it is not necessary to address the issue as to whether appellant could treat the September 7 "opinion" as an interlocutory order, and, accordingly, supplement the evidence with documentary proof of its corporate status.

This judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court so that the court can declare a purchase-money resulting trust in relation to the Weathersfield Township property, for the benefit of appellant.

*Judgment accordingly.*

JOSEPH E. MAHONEY and NADER, JJ., concur.