**HEISER, Trustee, etc v HEISER, et**

Ohio Appeals, 1st Dist, Butler Co

No 445. Decided Dec. 30, 1929

Williams, Sohngen, Fitton & Beeler, Hamilton, for Heiser, Trustee.

H. R. Reigert, Hamilton, for Heiser, et.

Alfred K. Nippert, Cincinnati, for certain heirs of Martin J. Brandt.

**ROSS, J.**

In the construction of any will the first controlling consideration is that the intention of the testator shall be given effect, if it is possible to ascertain the intention from the will.

It is our opinion that from the reading of Item 9 that it is unnecessary to invoke the ordinary rules of construction applicable to a clause such as this, in that the language is plain and indicates an intention on the part of the testator to vest in Martin J. Brandt an estate of $6,000.00, although the custody of this estate was deferred. However, as the rules of construction applicable to clauses of the nature involved in the instant cause are wholly in accord with this conclusion, we call attention to these as follows:-

Testacy is to be given effect unless the manifest intention of the testator appear to the contrary. 28 R. C. L., p. 227. 40 Cyc., p. 1409.

The law favors the early vesting of an estate. 28 R. C. L., pages 231, 233. 40 Cyc., 1650.

Item 10 of the will is as follows:

"I hereby direct my executor hereinafter named to pay over to my brother John E. Heiser, as trustee, the sum of six Thousand Dollars ($6,000.00). My said trustee is hereby diercted to invest said sum of Six Thousand Dollars (6,000.00) in such securities as he may deem best and to pay the net income thereof to my nephew Louis J. Sohngen, now residing at Richmond, Indiana, for a period of ten years after my death. If my nephew Louis J. Sohngen survives the ten year period above mentioned I direct my trustee to pay over

to said Louis J. Sohngen all the securities in which said Six Thousand Dollars have been invested, should he not survive the ten year period above mentioned I direct my trustee to pay over the proceeds of said securities to my heirs then living, share and share alike."

In this item the testator manifested a specific intention, that in the case of his nephew Louis J. Sohngen failing to survive the ten year period in which possession of the corpus of the estate was postponed, the bequest should then go to the heirs of the testator.

If any consideration is necessary to support the conclusion reached by us as to the intent of the testator in Item 9, it appears in the fact that the testator in Item 9 omited a provision which would have resulted in the effect claimed by those opposing the administrator of Martin J. Brandt, and which is present in Item 10.

It therefore being obvious that the testator intended to vest in Martin J. Brandt an estate of $6,000.00 upon the death of the testator, subject to the intervention of the trust, this conclusion being wholly in harmony with the rules of construction and supported by other portions of the will, it is our conclusion that a decree similar to that entered in the court of Common Pleas should be, and may be entered here, in favor of the administrator of Martin J. Brandt.

Cushing, PJ, and Hamilton, J, concur.