## COTTERMAN et v HEETER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1173.   Decided June 1, 1933

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, and Daniel Nevins, Dayton, for appellants.

Allaman, Funkhouser & Murr, Dayton, and Robert N. Brumbaugh, Dayton, for appellee.

Art. 4th. I will and appoint my son, C. W. Heeter, as my Executor to act without bond after the death of my wife; he shall at or before the expiration of five years dispose of all my personal property and real estate left by my wife at either public or private sale as he sees fit and the most advantageous, and divide the proceeds as follows:

1st, giving my grandson (C. W. Cotterman) one-fourth of my entire estate;

2nd, my granddaughter, (Ruth Ann Cotterman) one-fourth of the said estate;

3rd, my son (C. W. Heeter) one-half of my entire estate.

Art. 5th. I will that there shall be no appraisement or inventory returned to the court after my death."

As reflecting upon the construction which the parties themselves placed upon the will in question an affidavit of Cyrus Wesley Heeter made at the time of the transfer from himself and wife to his mother of the 40 acre tract and the transfer of his mother and the two plaintiffs to Cyrus W. Heeter of the 30 acre tract in question is introduced.

Counsel upon both sides of this controversy have favored the court with very exhaustive briefs in which the questions of law involved are fully discussed and many authorities are cited in support of the respective contentions of counsel.

We have considered these authorities with care and have also studied the agreed statement of facts.

We shall not attempt to discuss the authorities in detail, but will content ourselves with announcing the conclusion at which we have arrived after a consideration of such authorities and the agreed statement of facts.

The principal controversy relates to the nature of the title held in the 30 acre tract of land by Eliza Ann Heeter and the question as to whether under the terms of the will the widow, Eliza Ann Heeter had authority to exchange the tract of 30 acres for the tract of 40 acres owned by her son.

Irrespective of the construction which Cyrus W. Heeter may in 1912 have placed upon the will of his father as disclosed by the affidavit to which reference has been made, we are of opinion that such construction is not controlling, but that the rights of the parties must be determined by a legal construction of the will of the father, John Heeter.

Without entering into further detail in reference to the facts disclosed by the

## OPINION

By KUNKLE, J.

The solution of the controversy presented by the pleadings and the agreed statement of facts requires a construction of the will of John Heeter of which the following is a copy:

"Art. 1st. I give and bequeath to my beloved wife, (Eliza Ann Heeter) all of my personal property and real estate with all appurtenances in fee simple during her natural life after paying all my honest debts.

Art. 2nd. I will that my wife have full control of all said property and full power to rent, sell and convey all or any part thereof, both personal and real either at public or private sale as she sees proper.

Art. 3rd. I will that my son, C. W. Heeter, act as agent for my wife in transacting all business affairs and look after the comfort, necessaries and general welfare of his mother the remainder of her ilfe, for which she may pay him a reasonable compensation.

agreed statement of facts, we cannot escape the conclusion but that under the will of John Heeter, his widow, Eliza Ann Heeter merely took a life estate in the 30 acre tract in question with the power of disposing of same. If we are correct in this construction, then it would follow that whatever remained of the estate of her husband after her death should be divided in the manner prescribed by the will of John Heeter.

It appears from the record that the widow, Eliza Ann Heeter in 1923 sold the 40 acre tract of land which was conveyed to her by her son Cyrus Wesley Heeter in exchange for the 30 acre tract of land in question for $6500.00; that this money except a small amount of about $100 was still held by her at her death and was deposited in certain building and loan associations of this city. This is the money resulting from the sale of the 40 acre tract of land which was secured by Eliza Ann Heeter in exchange for the 30 acre tract of land in which, as above stated, we find she had merely a life estate.

Eliza Ann Heeter died testate in 1930 and by her will attempted to give to the plaintiffs her entire estate. We think she was not authorized so to do as her interest in the fund owned by her at the time of her death resulted from the sale of a property received by her in exchange for the 30 acre tract in which she had only a life estate and that the money in question was not hers to dispose of by will.

We are not unmindful that it has been held in Ohio that the power given in a will to sell does not confer power to trade.

This transaction however between Eliza Ann Heeter and her son, Cyrus Wesley Heeter was an exchange wherein a part of the consideration was cash and part of the consideration was the receipt of the 40 acre tract in question. We think she was acting within the authority conferred upon her by the will in making such exchange. We also are of opinion that this 30 acre tract came to Cyrus Wesley Heeter by purchase and not by descent, devise or deed of gift and that upon his death without children and intestate that the 30 acre tract passed to his widow, the defendant Pearl E. Heeter under the provisions of §8574 GC. We cannot escape the conclusion but that when the 40 acre tract was conveyed by Cyrus W. Heeter to Eliza Ann Heeter, his mother, that the same in fact belonged to the estate of John Heeter and that the money subsequently realized from the sale of the 40 acre tract by Eliza Ann Heeter became subject to the provisions of the will of John Heeter and that Eliza Ann Heeter had no right by will to dispose of the funds in her hands, which in effect belonged to the estate of her late husband, John Heeter.

The same decree will therefore be rendered in this court as was rendered in the lower court.

HORNBECK, PJ, and BARNES, J, concur.