**SUMMERS, Appellant, et al.,**

v.

**SUMMERS, Appellee, et al.**, [1]

[Cite as *Summers v. Summers* (1997), 121 Ohio App.3d 263.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 96 CA 46.

Decided June 9, 1997.

---

1.   Scott C. Summers, trustee, and Craig P. McCurdy are the only parties entering appearances in this appeal.

264

*William T. Bonham* and *William A. Fields,* for appellant Scott C. Summers.

*Roland W. Riggs III,* for appellee Craig P. McCurdy.

---

KLINE, Judge.

Scott C. Summers, trustee ("trustee"), appeals the judgment awarding Craig P. McCurdy the beneficial and possessory interests of the trust created by Cynthia Frances Summers ("Summers") in her will for the benefit of her son, Benjamin Robert McCurdy ("Ben"). The trustee asserts that the Washington County Court of Common Pleas, Probate Division, erred by not finding that a resulting trust in favor of Frances W. Summers and Betty C. Summers ("maternal grandparents") was appropriate. The trustee argues that the underlying trust failed and distribution of the trust to McCurdy would amount to unjust enrichment. We disagree. Accordingly, we affirm the judgment of the trial court.

## I

The parties stipulated the relevant facts in this action. Summers and McCurdy divorced in 1983. Summers took custody of their only son, Ben. Summers died testate in 1994. Item three of her Last Will and Testament, executed in 1984, created the testamentary trust which is the subject of this action.

"ITEM THREE: I give, devise and bequeath all of the property which I may own at the time of my death, real, personal, and mixed, tangible and intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this Will, IN TRUST NEVERTHELESS, to my brother, Scott Cariens Summers, as Trustee for the benefit of my child, Benjamin Robert McCurdy, until my child attains age twenty-five (25), at which time the income and principal shall be distributed and paid over to him and the Trust shall terminate. I direct there be no bond requirement in the Trust of my Trustee and that in the event my Trustee elects to take payment for administration of this Trust he shall be paid the same amount a guardian would be paid annually in a guardianship in the Probate Court of Washington County. My Trustee is required to meet the standard fiduciary covenants of an Ohio trustee pursuant to Ohio law but I give him complete power to invade principal for the benefit of my child. He shall have the sole discretion as to matters of investment and as to expenditure of funds for the care, welfare, and education of my child. I intend that this discretion shall include the right on his part to use any portion of the trust funds, income and including principal, if necessary, for living expenses for the care of my child in his discretion. As Alternate Trustee I name Jeffrey Paul Summers under the same terms and

conditions. This Trust shall terminate after my child attains age twenty-five (25). In the event my child is over twenty-five (25) at the time of my death then he shall receive my entire property free of any trust herein created, in fee simple absolute. My Trustee shall have the right to make reasonable and necessary expenditures for accounting and legal fees for the Trust in his discretion."

Summers's will was silent as to who the trust beneficiary would be if Ben never reached the age of twenty-five and was unable to take. The maternal grandparents are the heirs at law of Summers and the stipulated natural objects of Summers's affection in the absence of Ben.

Ben died intestate in 1995 at the age of twenty. Ben's heir at law is his father, McCurdy. The trustee brought this declaratory judgment action to determine who is entitled to the trust estate remaining after Ben's death. The trial court determined that (1) the trust vested in Ben at the time of Summers's death, (2) Ben died intestate, and (3) the trust estate should be distributed to Ben's heir at law, McCurdy.

The trustee asserts three assignments of error on appeal:

"I. The trial court erred in finding that the trust was not divested from the trust beneficiary upon the death of the trust beneficiary.

"II. The trial court erred in finding that the trust corpus did not vest in the heirs of the testator upon the death of the trust beneficiary.

"III. The trial court erred in finding that the trust corpus vested in the heirs at law of the trust beneficiary upon the death of the trust beneficiary."

The essence of the trustee's argument is that (1) Ben's interest became divested when he died prior to the distribution of the trust, (2) a resulting trust arose from the remainder of the trust, and (3) the maternal grandparents, as Summers's heirs at law, are entitled to immediate distribution of the resulting trust by application of the doctrine of acceleration.

## II

In his first assignment of error, the trustee asserts that the trust, if ever vested at all, divested upon Ben's death. In support of this argument, the trustee contends that divesting the trust is necessary to effectuate Summers's intent. We disagree.

It is well settled that the interpretation of wills is a question of law, and, thus, when determining a testator's intent and the terms of her testamentary trust, we apply a *de novo* standard of review. See *McCulloch v. Yost* (1947), 148 Ohio St. 675, 677, 36 O.O. 274, 275, 76 N.E.2d 707, 708; *Leyshon v. Miller* (Oct. 20, 1994), Washington App. No. 93CA37, unreported, 1994 WL 585743. In the

construction of wills, Ohio courts consistently follow the general rules set forth in paragraphs one through four of the syllabus in *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, as follows:

"1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

"2. Such intention must be ascertained from the words contained in the will.

"3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear[s] from the context that they were used by the testator in some secondary sense.

"4. All the parts of the will must be considered together, and effect, if possible, given to every word contained in it." See, also, *Ohio Natl. Bank v. Adair* (1978), 54 Ohio St.2d 26, 8 O.O.3d 15, 374 N.E.2d 415.

■ A will must be read "with the presumption that the testator was knowledgeable of the law." *Wendell v. AmeriTrust Co.* (1994), 69 Ohio St.3d 74, 76, 630 N.E.2d 368, 370.

■ The law favors early vesting and will postpone vesting beyond the death of the testator only if the will clearly expresses an intent to do so. *Ohio Natl. Bank of Columbus v. Boone* (1942), 139 Ohio St. 361, 22 O.O. 414, 40 N.E.2d 149, paragraph two of the syllabus. Merely delaying the distribution of a trust until the beneficiary reaches a certain age will not delay vesting beyond the death of the testator. *Provident Sav. Bank & Trust Co. v. Volhard* (1936), 54 Ohio App. 327, 333, 8 O.O. 56, 58–59, 7 N.E.2d 234, 237; *Heiser v. Heiser* (App. 1929), 8 Ohio Law Abs. 433; *Green v. Green* (1966), 9 Ohio Misc. 15, 20, 37 O.O.2d 394, 396–397, 221 N.E.2d 388, 392–393. When a testator gives a trust and its remainder to one beneficiary, and that person dies prior to termination of the trust, "since the beneficiary had the entire beneficial interest, the resulting trust should be in favor of * * * succeeding to his interest, and not for the settlor who had transferred his whole interest in the property." 5 Scott, Trusts (4 Ed.1989) 37–38, Section 411.5. See, also, *Provident Sav. Bank & Trust Co.*, 54 Ohio App. at 333, 8 O.O. at 58–59, 7 N.E.2d at 237.

■ Applying these principles here, we find that Summers intended the remainder interest of the trust she created to vest in Ben at her death. There is no language in the will which evidences, much less clearly expresses, an intent to delay vesting of the trust. Moreover, the trust disposed of the entire beneficial interest in Ben. Presuming Summers knew the law when she executed her will, she was aware that if Ben died intestate, his estate would pass to his heirs at law. As pointed out by the trial court, if Ben had married or had a child prior to his death, his estate, including the trust created for him, would have passed to them.

Summers did not express an intent to avoid this result. Accordingly, the trustee's first assignment of error is overruled.

### III

In his second assignment of error, the trustee asserts that a resulting trust should have been created in favor of the maternal grandparents upon Ben's death. A resulting trust is an equitable remedy arising in favor of a grantor when circumstances of a transfer raise the inference that the grantor did not intend to transfer beneficial interest to the holder of legal title. *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 515, 60 O.O. 481, 482, 138 N.E.2d 15, 16; *Croston v. Croston* (1969), 18 Ohio App.2d 159, 165, 47 O.O.2d 260, 263–264, 247 N.E.2d 765, 769. "The device has historically been applied to three situations: (1) purchase-money trusts; (2) instances where an express trust does not exhaust the res given to the trustee; and (3) express trusts which fail, in whole or in part." *First Natl. Bank of Cincinnati* at 515–516, 60 O.O. at 482, 138 N.E.2d at 17.

The trustee does not make clear which of these three situations he believes is applicable to this case. The first, generally arising out of a debtor-creditor relationship, can clearly be eliminated on the facts.

The Ohio Supreme Court recognized that the second situation may give rise to a resulting trust for a grantor's heir in *Broadrup v. Woodman* (1875), 27 Ohio St. 553. In *Broadrup,* a trust was created to provide for the support of the grantor's wife and child as long as necessary, but did not provide for disposition of the remainder of the trust property. When the wife remarried and the child reached the age of the majority, the support was no longer "necessary," and therefore the trust was terminated. The wife and child brought suit against the trustee to recover the residue of the trust property. The court created a resulting trust in favor of the grantor, because the circumstances surrounding the transfer indicated that the grantor intended to transfer only legal title, and not beneficial interest, to the trustee. *Id.* at 560. Because the grantor was deceased, his child was entitled to the residue of the trust property. *Id.*

The case before us differs considerably from *Broadrup.* Summers provided for the disposition of the trust residue once the trust terminated. She specifically directed that the property not used to support her son be given to her son in fee simple. Thus, even though a remainder would have been left after the trust achieved its stated purpose, that remainder was to have been disposed of by the fee simple gift to Ben. Additionally, the manner in which McCurdy acquired legal title to the trust property is not at all similar to the circumstances surrounding the transfer in *Broadrup.* McCurdy acquired the trust residue through intesta-

cy, not through a transfer to him in which he was entrusted to act as a trustee. Therefore, the second situation in which resulting trusts arise does not apply to this case.

The final instance in which resulting trusts arise is when the express trust fails. The situations in which an express trust fails are described generally in 91 Ohio Jurisprudence 3d (1989) Trusts, Section 210:

"A trustee will hold property as a resulting trust for the settlor or his heirs or next of kin, where: there is a failure of designation of beneficiaries; the beneficiary named dies before his testator; there is a deed in trust for a beneficiary who was dead at the time of conveyance; the beneficiary disclaims, or the trust fails for indefiniteness; or for any other cause an express trust fails in whole or in part."

The trustee seems to assert that the express trust failed for want of beneficiaries. In support of this argument, he refers to *Commerce Natl. Bank v. Browning* (1952), 158 Ohio St. 54, 48 O.O. 28, 107 N.E.2d 120, where the Ohio Supreme Court held that when the trust beneficiaries died without issue, the trust had failed and a resulting trust was created in the settlor's heirs. However, in *Commerce Natl. Bank,* the language of the trust specifically gave the beneficiaries a life estate, with the remainder to the beneficiaries' children in fee simple. Because the beneficiaries never had children, the remainder interest never vested, and therefore the trust failed for want of beneficiaries. *Id.* at 58, 48 O.O. at 29–30, 107 N.E.2d at 122–123.

As discussed in Part II, above, the remainder of the trust given to Ben vested when Summers died. Thus, unlike the *Commerce Natl. Bank* remainder, the remainder interest in this case was vested in a beneficiary. Therefore, the trust did not fail for want of beneficiaries.

The trust also did not fail for any other cause. In *Provident Sav. Bank & Trust Co. v. Volhard,* 54 Ohio App. at 333, 8 O.O. at 58–59, 7 N.E.2d at 237, the court construed a testamentary trust which was created to provide the beneficiary with support until he reached age forty, at which time the beneficiary would receive the trust corpus. The court held that the trust vested in the beneficiary at the grantor's death. Though the beneficiary died before reaching age forty, the court held that the corpus should pass to the beneficiary's heirs. Under very similar facts here, we likewise find that the trust did not fail.

The trust *res* was disposed of by Summers's will and did not fail for lack of beneficiaries or any other reason. Therefore, the trust corpus did not vest in the maternal grandparents.

Having determined that no resulting trust was created in the maternal grandparents, we need not determine whether an acceleration is appropriate in

this case. "The doctrine of acceleration * * * refers to the hastening of the owner of a future interest towards the status of present possession." *Ohio Natl. Bank of Columbus v. Adair*, 54 Ohio St.2d at 28, 8 O.O.3d at 16, 374 N.E.2d at 417. Because the maternal grandparents do not own a future interest in the trust, the doctrine of acceleration does not assist the trustee's case.

Accordingly, the trustee's second assignment of error is overruled.

### IV

In his third assignment of error, the trustee asserts that the trial court erred in finding that the trust corpus vested in McCurdy upon Ben's death. Again, he contends that giving McCurdy the trust corpus is contrary to Summers intent and would amount to unjust enrichment. We disagree.

As discussed in Part II, above, Summers's intent must be ascertained from the language of the will. Where the language of a will is clear, words cannot be added or changed, even if the consequences seem harsh to some. *Stevens v. Wildesen* (1936), 54 Ohio App. 185, 187, 7 O.O. 497, 497–498, 6 N.E.2d 793, 793–794. The theory that the testator would have drafted her will differently had she foreseen the circumstances existing at her death does not justify altering the manifest meaning of the will. *Union Sav. Bank & Trust Co. v. Alter* (1921), 103 Ohio St. 188, 132 N.E. 834.

Preventing unjust enrichment is the primary purpose of resulting trusts. 91 Ohio Jurisprudence 3d (1989) Trusts, Section 198. To invoke this remedy, a party must show by clear and convincing evidence that a resulting trust is necessary to prevent unjust enrichment. *Cosgrove v. Pendleton* (App. 1937), 24 Ohio Law Abs. 417; 89 Corpus Juris Secundum (1955) 995, Trusts, Section 132. The facts in this case, stipulated by the parties, show no wrongful conduct on the part of McCurdy. The trustee points out that McCurdy divorced Summers, was not the custodial parent of Ben, and had less contact with Ben than the maternal grandparents did. These facts do not amount to clear and convincing evidence that McCurdy would be unjustly enriched if allowed to inherit the trust corpus through Ben. Thus, the trustee has not shown that imposition of a resulting trust is necessary. Accordingly, the trustee's third assignment of error is overruled.

### V

In conclusion, we find that Ben took an immediate vested interest in the trust estate at the time of Summers's death, that upon his death prior to reaching age twenty-five the remainder interest in the trust estate passed to McCurdy pursuant to the statute of descent and distribution, and that the trial court

properly chose not to impose a resulting trust in favor of the maternal grandparents. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

STEPHENSON, P.J., and HARSHA, J., concur.