OPINION
Appellant Keith Knight appeals the decision of the Guernsey County Court of Common Pleas, Probate Division, that granted Appellees A. Richard Odebrecht's and Robert Beaver Mertie's motion for summary judgment and denied Appellant Knight's motion for summary judgment. The following facts give rise to this appeal. During L. Andre Odebrecht's life, and particularly following the death of his wife, Margaret Odebrecht, Mr. Odebrecht developed a close, personal and business relationship with Appellant Keith Knight. Appellant claims the relationship between himself and Mr. Odebrecht became similar to that of father and son in the eyes of Mr. Odebrecht. Appellees A. Richard Odebrecht and Robert Beaver Mertie challenge this characterization of the relationship. Appellant Knight is employed as a broker and during the early 1980's, L. Andre Odebrecht and his wife visited Appellant Knight, at the brokerage house, on a monthly basis. After the death of their remaining child, Mr. And Mrs. Odebrecht began visiting the brokerage house on a weekly basis. In 1996, L. Andre Odebrecht gave Appellant Knight power of attorney over their affairs. Appellant Knight also introduced Mr. and Mrs. Odebrecht to Attorney Jay B. Zellar, who eventually drafted the will that is at issue in this appeal. On December 10, 1997, L. Andre Odebrecht died. The will was admitted to the Guernsey County Court of Common Pleas, Probate Division. On December 11, 1997, the probate court appointed Appellant Knight as Executor of the Estate of L. Andre Odebrecht. Pursuant to the terms of the will, L. Andre Odebrecht made no specific bequests to Appellees A. Richard Odebrecht and Robert Beaver Mertie. However, under Item IV of the will, the will provides a bequest of $200,000 to the "L. Andre Odebrecht and Margaret Odebrecht Charitable Trust." Item IV also provides "* * * if there are any remaining assets, I give to my good friend and adviser for many years to Keith F. Knight, to be his absolutely and in fee simple, per stirpes." Pursuant to Item IV of the will, all distributions have been made to the charitable trusts and approximately $832,000 remains in the Estate of L. Andre Odebrecht. On April 30, 1999, Appellant Knight, as Executor of the estate of L. Andre Odebrecht, filed a complaint for direction and judgment, as it pertains to Item IV, in the construction of the Last Will and Testament of Mr. Odebrecht. Appellant Knight filed an amended complaint on October 28, 1999. The purpose of the amendment was to add Appellee Robert Beaver Mertie as a defendant. Appellant Knight filed a motion for summary judgment on June 21, 1999. Appellant filed a supplemental motion for summary judgment on November 15, 1999. Appellee A. Richard Odebrecht filed a motion for summary judgment on November 1, 1999, on behalf of himself and Mr. Mertie. The trial court conducted a hearing on the motions for summary judgment on November 16, 1999. On February 7, 2000, the trial court granted Appellees A. Richard Odebrecht's and Robert Beaver Mertie's motion for summary judgment. The court specifically concluded that: * * * Item IV is separate and apart from Item III's bequest as it is limited to the sum of $200,000.00 only, and that the Trustee was directed to distribute income and principal to charitable organizations located in Guernsey County. If and only if, for good cause, the Trustee Keith F. Knight could not distribute the entire $200,000.00 proceeds to these organizations, the Trustee Keith F. Knight would receive any assets remaining under the Trust in Item IV. [Citations omitted.] Findings of Fact and Conclusions of Law, Feb. 25, 2000, at 2. Appellant Knight timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE PROBATE COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY A. RICHARD ODEBRECHT AND ROBERT B. MERTIE BY FINDING THAT THE LAST WILL AND TESTAMENT OF L. ANDRE ODEBRECHT FAILED TO CONTAIN A RESIDUARY CLAUSE AND THEREBY ORDERING THAT THE RESIDUARY ESTATE PASSED BY VIRTUE OF THE STATUTE OF DESCENT AND DISTRIBUTION.
 II. THE PROBATE COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT FILED BY KEITH F. KNIGHT BY FINDING THAT THE LAST WILL AND TESTAMENT OF L. ANDRE ODEBRECHT FAILED TO CONTAIN A RESIDUARY CLAUSE AND THEREBY ORDERING THAT THE RESIDUARY ESTATE PASS BY VIRTUE OF THE STATUTE OF DESCENT AND DISTRIBUTION.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' assignments of error. I Appellant Knight contends, in Assignments of Error One and Two, that the probate court erred when it concluded that the Last Will and Testament of L. Andre Odebrecht failed to contain a residuary clause and therefore, the residuary estate passed by virtue of the statute of descent and distribution. We disagree. Appellant commenced this action pursuant to R.C. 2107.46, requesting the probate court to enter judgment on the construction of the Last Will and Testament of L. Andre Odebrecht. Under this type of an action, the probate court's role is to ascertain and carry out the intention of the testator. "* * * [T]he interpretation of wills is a question of law, and, thus, when determining a testator's intent and the terms of [his or] her testamentary trust, we apply a de novo standard of review." Summers v. Summers (1997), 121 Ohio App.3d 263, 267. The language at issue, in the case sub judice, is contained in Item IV of the Last Will and Testament. This language provides as follows: I give Two Hundred Thousand Dollars ($200,000.00) to the L. ANDRE ODEBRECHT and MARGARET ODEBRECHT CHARITABLE TRUST. I appoint Keith F. Knight as Trustee of said trust and if he is unable to serve, I nominate Donald Huston Alternate Trustee. The Trustee shall distribute income and principal at the Trustee's discretion to Charitable organizations located in Guernsey County. These charitable organizations will be of the Trustee's choice and for a term of not over five years. If there are any remaining assets, I give to my good friend and adviser for many years KEITH F. KNIGHT, to be his absolutely and in fee simple, per stirpes. (Emphasis added.)
In the case of Townsend's Ex'rs. v. Townsend (1874), 25 Ohio St. 477, the Ohio Supreme Court set forth four rules to be followed when construing the language of a will to determine the testator's intent. These rules are as follows:
 1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
 2. Such intention must be ascertained from the words contained in the will.
 3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear[s] from the context that they were used by the testator in some secondary sense.
 4. All the parts of the will must be considered together, and effect, if possible, given to every word contained in it. Id. at paragraphs one, two, three and four of the syllabus.
In support of his assignments of error, appellant contends he presented, to the probate court, evidence of the testator's intent in three separate forms: the intention of the testator as expressed in his Last Will and Testament; the intention of the testator as told by Attorney Jay Zellar, the attorney who drafted the will at issue; and the intention of Attorney Jay Zellar in drafting the residuary clause in the testator's Last Will and Testament. Appellant maintains this evidence supports his argument that the residue of the testator's estate should pass to him pursuant to the language contained in Item IV of the testator's Last Will and Testament. We find, based on the rules of interpretation set forth in the Townsend case, that it would be inappropriate for the court to consider the testimony of Attorney Jay Zellar since this is evidence outside the four corners of the will. The Townsend decision is clear that the intention of the testator "* * * must be ascertained from the words contained in the will." Thus, we must limit our interpretation to the language contained in the will in determining whether Item IV contains a residuary clause thereby entitling appellant to the remaining assets of the estate. In support of his argument on appeal, Appellant Knight relies on the Townsend case for the proposition that a residuary clause contained in a paragraph in the will, with the charitable request, is valid. Based on our reading of Townsend, we do not find the issue was whether the residuary clause was valid, but who was entitled to inherit pursuant to the language "among all the heirs." The Ohio Supreme Court concluded the language "among all the heirs" meant "* * * divide the residuum, share and share alike, among all those persons named therein who might, under some circumstances, have stood in the relation of heirs to the executrix." Id. at 489. In the matter currently before the court, we are concerned not with the issue of whom is entitled to inherit under the residuary clause, as clearly Item IV pertains to Appellant Knight. Instead, we must interpret the language "if there are any remaining assets" and determine whether that language creates a valid residuary clause. In doing this, we conclude the "remaining assets" language is limited to those assets discussed in Item IV of the will and is not a valid residuary clause. Our conclusion is based on the language of the will in addition to the manner in which the will is formatted. As to the issue of formatting, we note that any separate bequests are listed individually, in subparagraphs letters (a) through (e), contained in Item III of the will. Item IV of the will creates the charitable trust. Item V of the will discusses the powers of the trustee. Finally, Item VI of the will appoints the Executor. Based on the specific manner in which the testator carefully set forth each separate topic as an Item number, we find that had the testator intended to leave the remainder of his entire estate to Appellant Knight, he would have done so as a separate Item number. Further, as to the language contained in Item IV, having failed to specifically state that "any remaining assets" refers to the entire estate, we conclude this language is limited to the remaining assets discussed in the previous sentence, those being "any remaining assets" following the distribution of the $200,000 charitable trust. Therefore, based on our de novo review of this matter, we conclude the trial court did not err when it granted appellees' motion for summary judgment and denied appellant's motion for summary judgment. Item IV does not contain a residuary clause entitling appellant to the remainder of the assets contained in the estate. Appellant's First and Second Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Guernsey County, Ohio, is hereby affirmed.