OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc. R. 12(5), to issue a full opinion in lieu of a summary journal entry.
 {¶ 2} Plaintiff-appellants, Ray Ditto and Regina Kuhns ("appellants"), appeal the judgment of the Van Wert County Court of Common Pleas granting summary judgment to the defendant-appellees, Donald Jent, Peggy Rose, and Barbara Walker ("appellees"). For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 3} The issue in this case involves the interest in land given to Pollie Ditto by the will of her husband, Richard Ditto. On July 27, 1983, Richard died testate, survived by his wife and a son, Clifford Ditto. Richard's estate included an undivided one-half interest in sixty-two-and-a-half acres of land located in Van Wert County. Pollie owned the other undivided one-half interest in the property. Richard's will granted Pollie a life estate with the power to sell his undivided one-half interest in the land. In 1988, Pollie sold the land and invested the proceeds from the sale of Richard's one-half interest in the property as well as the proceeds from the sale of her one-half interest.
 {¶ 4} On July 15, 2003, Pollie died testate and her will was admitted to probate. Pollie's son, Clifford, had predeceased her. Clifford was survived by his two children, the appellants in this action.
 {¶ 5} On August 9, 2004, the appellants filed a complaint seeking to recover the portion of the property not consumed by Pollie. Thereafter, the appellees filed a motion for summary judgment. The trial court granted the motion.
 {¶ 6} It is from this judgment, the appellants appeal and set forth two assignments of error for our review. For clarity of analysis, we have combined both assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in ruling that Richard intended to give Pollie a qualified fee in his property that would be absolute upon her death.
 ASSIGNMENT OF ERROR NO. II The trial court erred in ruling that Pollie was given the power to gift Richard's property by devise in her Last Will and Testament.
 {¶ 7} In their first assignment of error, the appellants argue that Richard's will gave Pollie a life estate with the power to sell and consume the property. The appellants argue, in their second assignment of error, that the trial court erred when it ruled that Pollie was free to dispose of the property by will.
 {¶ 8} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d. 264. For a grant of summary judgment to be proper, it must appear from the evidence that reasonable minds can come to only one conclusion, which is a conclusion adverse to the non-moving party. Civ. R. 56(C). We review the granting of a motion for summary judgment under a de novo standard. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241.
 {¶ 9} The parties do not dispute the facts in this case, but rather, the trial court's interpretation of Richard Ditto's will. An appellate court reviews the interpretation of a will under a de novo standard of review. Dunkel v. Hilyard, 2001-Ohio-2597, at ¶ 16, citing Summers v.Summers (l997), 121 Ohio App.3d 263, 699 N.E.2d 958, citations omitted. "In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." Oliver v.Bank One, Dayton, N.A. (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55, 58.
 {¶ 10} The portions of Richard's will under dispute include the following:
 ITEM 2. All the property, real and personal, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Pollie C. Ditto, for and during her natural life and except only that she may not dispose of such property by way of gift, otherwise, with full power during her widowhood to sell, convey or in any other manner consume or dispose of the same in part or in whole as she may in her sole discretion deem proper, and I direct that no bond be required of her. If, however, my said wife should re-marry, then the power to sell and consume shall terminate and she may have only the income from said property during her lifetime.
 ITERM (Sic.) 3 Upon the death of my said wife or at my death should my said wife predecease me, then I give, devise and bequeath all of my property, both real and personal, of every kind and description, wheresoever situated which I may own or have the right to dispose of at the time of my decease as follows * * *.
 {¶ 11} Richard's will granted Pollie all his property, both real and personal, "for and during her natural life" with the power to sell, convey, consume, and dispose of the property during her widowhood. If Pollie remarried then the will provided that she would lose the power to sell and consume the property, however, she would still retain the right to receive the income from the property during her lifetime. Item three of the will also contained a remainder clause. The language "for and during her natural life" along with the remainder clause indicates Richard's intent to leave his wife a life estate in the property with the power to sell and consume the property. Consequently, we hold that Richard's will granted Pollie a life estate in the property.
 {¶ 12} When an individual is granted, by their spouse's will, a life estate in property with the power of disposition, the life tenant is not authorized to dispose of the proceeds from the sale of that property by their own will; instead the unconsumed proceeds pass under the terms of the will which granted the life estate. O.Jur. Estates, etc. § 55;Cotterman v. Heeter (1933), 15 Ohio L.Abs. 65, at * 2-3.
 {¶ 13} In the present case, Richard's will did not expressly grant Pollie the power to transfer any of his property remaining at her death by will, and specifically denied Pollie the power to gift the property. Under the terms of Richard's will, Pollie was granted the power to sell the half interest in the property, and she did so in 1988. The unconsumed proceeds from that sale of Richard's one-half interest, which were identifiable as such at the time of Pollie's death, if any, must pass by the terms of Richard's will. See O.Jur. Estates, etc. § 55;Cotterman v. Heeter (1933), 15 Ohio L.Abs. 65.
 {¶ 14} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed.
 BRYANT, P.J., and SHAW, J., concur.