[Cite as *PNC Bank, N.A. v. Lewis*, 2013-Ohio-5308.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PNC BANK, N.A. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00062 |
| THEODORE LEWIS, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
Common Pleas, Case No.2012CV03791

JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      December 2, 2013

APPEARANCES:


For Plaintiff-Appellant

DAVID BROWN
ROBERT WELTMAN
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Canton, OH 44702

For Defendants-Appellees

ROBERT PRESTON III
Black, McCuskey, Souers & Arbaugh
220 Market Avenue South, Ste. 1000
Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant appeals the February 28, 2013 judgment entry of the Stark County Court of Common Pleas granting appellees' motion to dismiss complaint pursuant to Civil Rule 12(B)(6).

*Facts and Procedural History*

{¶2} On December 7, 2012, appellant PNC Bank, N.A., successor in interest to National City Bank, filed a complaint captioned "complaint for fraudulent conveyance, to impose lien, and for purchase money resulting trust" against appellees Theodore and Linda Lewis. In 2000, appellee Theodore Lewis obtained an unsecured line of credit for his small business from National City Bank in which he listed his home at 327 Poplar Avenue N.W., Canton, Ohio, as an asset. In 2003, Theodore transferred the 327 Poplar Avenue N.W., Canton, Ohio property to his wife, appellee Linda Lewis, by quitclaim deed. The deed was recorded on April 22, 2003. On October 31, 2006, appellant, as successor in interest to National City Bank, was granted judgment against appellee Theodore Lewis in the amount of $31,573.74 after he failed to pay on the small business line of credit. Appellant filed this judgment as a judgment lien in December of 2006 and again in September of 2010.

{¶3} Appellant alleged in the 2012 complaint that Theodore contributed to the purchase price of the 327 Poplar Avenue property and has an equitable interest in the property. Further, that Theodore's representation to appellant that he owned the property in 2000 was for the purpose of obtaining credit under false pretenses and false misrepresentation. Appellant averred the titling of the property in Linda's name was fraudulent and violated Sections 1336.01 through 1336.09 of the Ohio Revised Uniform

Fraudulent Transfer Act.  Finally, that Theodore is the equitable owner of the 327 Poplar Avenue property because Linda holds the title for his benefit and he exercises control over the property.  In the 2012 complaint, Appellant sought a judgment against Linda Lewis for $37,558.62 and a lien against any equitable interest of Theodore in the 327 Poplar Avenue property.

{¶4}  On January 31, 2013, appellees filed a motion to dismiss complaint pursuant to Civil Rule 12(B)(6).  The trial court granted appellees' motion on February 28, 2013, finding that appellant failed to bring the action within the applicable statute of limitations for a  fraudulent transfer pursuant to R.C. 1336.09(A)(1).

{¶5}  Appellant appeals the February 28, 2013 judgment entry of the trial court granting appellees' motion to dismiss and assigns the following error:

{¶6}  "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING CASE NUMBER 2012CV03791 IN FULL WITHOUT FIRST CONSIDERING PLAINTIFF-APPELLANT'S CLAIM FOR A PURCHASE MONEY RESULTING TRUST."

{¶7}  We review a trial court order granting a motion to dismiss pursuant to Civil Rule 12(B)(6) under a de novo standard of review.  *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990).  In a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.  *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶8}  Appellant does not contend the trial court erred in dismissing the fraudulent conveyance action.  Rather, appellant argues the trial court erred by

dismissing the cause of action for a purchase money resulting trust as they had ten (10) years from the establishment of the trust to file an action for purchase money trust pursuant to the statute of limitations contained in R.C. 2305.14. We disagree.

**{¶9}** A resulting trust is an "equitable remedy arising in favor of a grantor when circumstances of a transfer raise the inference that the grantor did not intend to transfer beneficial interest to the holder of legal title." *Summers v. Summers*, 121 Ohio App.3d 263, 699 N.E.2d 958 (4th Dist. 1997). The intent of the parties is the determining factor in imposing a resulting trust and a court seeks to enforce the parties' intentions when utilizing a resulting trust. *Brate v. Hurt*, 174 Ohio App.3d 101, 880 N.E.2d 980 (12th Dist. 2007). A resulting trust differs from a constructive trust because a resulting trust does not involve fraud or wrongdoing, but is an equitable result based upon obtaining the intent of the parties. *Murdock v. Murchison*, 6th Dist. Lucas No. L-80-166, 1981 WL 5550 (April 17, 1981).

**{¶10}** The resulting trust device "has historically been applied in three situations: (1) purchase-money trusts; (2) instances where an express trust does not exhaust the res given to the trustee; and (3) express trusts which fail, in whole or in part." *Summers v. Summers*, 121 Ohio App.3d 263, 699 N.E.2d 958 (4th Dist. 1997). A purchase money trust is implicated "[w]here a transfer of property is made to one person and the purchase price is paid by another." Restatement of the Law 2d, Trusts, Section 44 (1959). Central to the determination of whether a purchase money trust exists are the issues of: (1) who paid for the purchase and (2) who was intended to beneficially enjoy the property. *Rardin v. Estate of Bain*, 7th Dist. Carroll No. 08CA853, 2009-Ohio-3332.

**{¶11}** We first note that there is a question of whether appellant properly pled a purchase money resulting trust as the only mention of a purchase money resulting trust is in the caption of the complaint and the complaint contains no allegations as to the intention that existed on the part of Theodore or Linda in the purchase or transfer of the 327 Poplar Avenue property.

**{¶12}** However, we find that even if appellant sufficiently alleged facts in the complaint necessary for the imposition of a purchase money resulting trust, the trial court did not err in finding appellant's complaint to be barred by the statute of limitations. In this case, appellant seeks a judgment against Linda Lewis based on a violation of the Ohio Revised Uniform Fraudulent Transfer Act and seeks to place a lien on the 327 Poplar Avenue property through the equitable creation of a resulting or purchase money trust. Although judgment in appellant's favor rests on the equitable creation of a resulting trust, the applicable statute of limitations is determined by the cause of action rather than the form of remedy. *Bergholtz Coal Holding Co. v Dunning*, 11th Dist. Lake No. 2004-L-209, 2006-Ohio-3401. "Statutes of limitation attach to causes of action and not the remedial form in which the action is brought." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 172, 297 N.E.2d 113 (1973).

**{¶13}** Appellant's complaint states that Theodore's representation to appellant in 2000 and the titling of the property in Linda's name in 2003 is fraudulent, violating Sections 1336.01 through 1336.09 of the Ohio Revised Uniform Fraudulent Transfer Act and that Theodore is the equitable owner of the 327 Poplar Avenue property because Linda holds the title for his benefit and he exercises control over the property. Reviewing the allegations contained in appellant's complaint, it is clear the underlying

cause of action is fraudulent transfer. R.C. 1336.09(A)(1) provides the statute of limitations for appellant's fraudulent transfer claim and states a claim for fraudulent transfer must be filed within four years of the transfer or within one year after the transfer was discovered or could have reasonably been discovered. R.C. 1336.09(A)(1). The trial court found, and appellant does not contest, that appellant would have had to file the fraudulent transfer action in 2011 to be within the applicable statute of limitations.

{¶14} In this case, the purchase money resulting trust that appellant asks the court to impose is an equitable remedy. *See Summers v. Summers*, 121 Ohio App.3d 263, 699 N.E.2d 958 (4th Dist. 1997) (stating "a resulting trust is an equitable remedy * * *"); *In re Eccles*, 12th Dist. Clermont No. CA99-05-041, 2000 WL 431365 (April 17, 2000) (finding the imposition of a resulting trust is not an appropriate remedy based on the facts of the case); *Robinson v. Robinson*, 6th Dist. Lucas No. L-97-1131, 1997 WL 728631 (Nov. 21, 1997) (finding the equitable remedy of a resulting, purchase money trust was not appropriate because there was no evidence of the intent of the parties). The complaint in this case is based upon fraudulent transfer and, being so grounded, the period in which relief could be granted by way of the equitable imposition of a resulting trust is the four-year provision contained in R.C. 1336.09(A)(1). Accordingly, we find the trial court did not err in granting appellees' motion to dismiss and in dismissing appellant's complaint in its entirety.

{¶15} Appellant's assignment of error is overruled.  The February 28, 2013 judgment entry of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY

WSG:clw 1112

[Cite as *PNC Bank, N.A. v. Lewis*, 2013-Ohio-5308.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

PNC BANK, N.A.                              :

           Plaintiff-Appellant          :

                            :

-vs-                                       :          JUDGMENT ENTRY

                            :

THEODORE LEWIS, ET AL                       :

                            :

         Defendants-Appellees        :          CASE NO. 2013CA00062

For the reasons stated in our accompanying Memorandum-Opinion, the February 28, 2013 judgment entry of the Stark County Common Pleas Court is affirmed.  Costs to appellant.

                                     _____

                                     HON. W. SCOTT GWIN

                                     _____

                                     HON. WILLIAM B. HOFFMAN

                                     _____

                                     HON. PATRICIA A. DELANEY